UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY ANDREWS,

    Plaintiff,

v.                                                                          Case No. 08-14391

PRUDENTIAL INSURANCE COMPANY                    HONORABLE AVERN COHN
OF AMERICA, and DOMTAR INDUSTRIES,
INC., LONG TERM DISABILITY PLAN FOR
SALARIED EMPLOYEES,

    Defendants.

_____/

# MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND PRE-JUDGMENT INTEREST (Doc. No. 37)[1]

I. Introduction

This is a benefits case under the Employment Retirement Income Security Act, 29 U.S.C. § 1001, et seq (ERISA). Plaintiff Roy Andrews sued defendants Prudential Insurance Company of American (Prudential) and Domtar Industries Inc., Long Term Disability Plan for Salaried Employees. He claimed that Prudential wrongfully denied his claim for long term disability benefits under a group insurance policy (plan) held by his former employer, Domtar Industries, Inc. Prudential initially found Andrews disabled under the plan but two months later determined he was not disabled and terminated his benefits. Andrews said this decision was arbitrary and capricious. The Court agreed.

---

[1]This matter was originally scheduled for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(f)(2).

Accordingly, on December 2, 2009, the Court entered a Memorandum and Order Denying Prudential's Motion to Affirm the Administrator's Decision. The Court specifically found that Andrews was entitled to benefits for the first 24 months of his claim and that the question of whether he is entitled to benefits beyond 24 months was not before Prudential or the Court. Although the parties have not yet agreed on the exact amount of the outstanding benefits for the 24 months, they seem to agree that it is approximately $60,000.00.

Before the Court is plaintiff's Motion for Attorney Fees and Prejudgment Interest. Plaintiff requests $28,005.00 in attorney fees (including $ 217.50 in paralegal fees), $1,062.48 in costs, and prejudgment interest. For the reasons that follow, the motion will be GRANTED IN PART AND DENIED IN PART.

## II. Analysis

### A. Timeliness

Prudential contends that Andrews' request for attorney fees is untimely because it was not made within fourteen (14) days after the Court's December 2, 2009 decision, which it says constitutes an entry of judgment. See Fed. R. Civ. P. 54. The Court disagrees. Although the December 2, 2009 decision disposed of Andrews' claim for benefits, it did not award Andrews a specific amount of benefits for the first 24 months because that figure had not been determined. It still has not been determined by the parties. As such, no judgment has been entered. Thus, Andrews' motion is timely.

### B. Attorney and Paralegal Fees

Section 502 of ERISA, codified at 29 U.S.C. § 1132(g), provides, in pertinent part, that: "(1)In any action under this subchapter ... by a participant, beneficiary, or

fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

In this Circuit, there is no presumption that attorney fees will be awarded; the decision is within the court's discretion. Maurer v. Joy Technologies, Inc., 212 F.3d 907, 919 (6th Cir. 2000). In Secretary of Dep't of Labor v. King, 775 F.2d 666, 669 (6th Cir. 1985), the Court of Appeals for the Sixth Circuit set forth the following factors as relevant to the determination of whether to award attorney fees: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. King, 775 F.2d at 669.

Applying the first factor, the degree of bad faith, the Court finds that it favors Andrews. As fully explained in the Memorandum and Order of December 2, 2009, after fully reviewing the administrative record under the deferential arbitrary and capricious standard, the Court found that Prudential wrongfully denied Andrews disability benefits. In particular, the Court noted that Dr. Bowman, who reviewed Andrews' claim for Prudential and whose report Prudential relied upon for its decision, did not appear to have several critical documents from Andrews' treating physicians which were directly relevant to his ability to work. Thus, Dr. Bowman's report did not carry must weight. Moreover, Prudential did not mention, much less discuss, the fact that Andrews had been awarded Social Security benefits. Finally, the Court noted that Prudential was

3

operating under a conflict of interest.  Under the circumstances, Prudential's decision was sufficiently culpable.

As to the second factor, there is no real question that Prudential would be able to satisfy an award of attorney fees so this factor is also in Andrews' favor.

As to the third factor, Prudential argues that awarding attorney fees will have no deterrent effect.  The Court disagrees.  The Court is of the view that awarding attorney fees will have a deterrent effect on the way in which Prudential administers future disability claims.

As to the fourth factor, the Court does not find that Andrews' action to obtain benefits for himself to be part of a plan to confer a common benefit to all participants nor did the case involve significant legal questions.  Thus, this factor does not weigh in his favor.

As to the fifth factor - the merits of the parties' positions - this factor weighs in Andrews' favor for the same reasons as the first factor.  Namely, that Prudential wrongfully denied Andrews benefits.  Overall, the King factors support an award of attorney fees.

1.  Amount of Fees

Having found that Andrews is entitled to attorney fees, the amount of the attorney fees must then be determined.  Andrews's counsel seeks an hourly attorney rate of $325.00 and paralegal rate of $175.00.  Prudential says that the attorney rate is too high.  The Court agrees.  In a similar case, the Court found that an hourly attorney rate of $250.00 was reasonable.  See Clark v. UNUM, 00-73910 (E.D. Mich. Memorandum and Order filed Sept. 6, 2002).  Following Clark, the Court will award Andrews' counsel

attorney fees at a rate of $250.00 per hour.

## 2. Amount of Hours

As the amount of hours, Andrews' counsel says she spent 85.50 attorney hours and 2.90 paralegal hours. Prudential takes issue with several time entries. Prudential in particular says that at least one time entry, five (5) hours for research on Cushing's syndrome, should have been done in the pre-litigation administrative process which is not recoverable. See Anderson v. Procter & Gamble Co., 220 F.3d 449 (6th Cir. 2000) (holding that attorney fees are not recoverable under section 1132(g) for fees incurred during the administrative proceedings). Prudential also objects to other time entries, contending that the time spent on the various tasks was excessive. The Court has reviewed the billing records and does not find any excess. As to the entry for research, while Andrews' counsel likely performed research on Andrews' condition during the administrative proceedings, it cannot be said that additional research performed during litigation was inappropriate. Thus, the Court finds that Andrews is entitled to recover attorney fees for the requested amount of 85.50 attorney hours. The same is true for Andrews' request for 2.90 hours in paralegal fees.

## 3. Conclusion on Attorney and Paralegal Fees

Accordingly, Andrews is entitled to attorney fees in the amount of $21,375.00, representing 85.50 hours of attorney work at a rate of $250.00 per hour. Andrews is also entitled to recover $217.50 in paralegal fees.

## B. Costs

Andrews seeks $1,062.48 in costs. Prudential objects to the recovery of any costs incurred prior to the litigation, which includes costs for obtaining medical records.

Prudential says that obtaining medical records was part of the administrative proceedings which is not recoverable under Anderson. The Court agrees. Accordingly, any costs incurred prior to October 15, 2008 (the date of filing the complaint) are not allowed. In examining the breakdown of Andrews' costs (Exhibit D to the motion), Andrews is entitled to $470.17 in costs.

### C. Pre-Judgment Interest

Andrews also requests pre-judgment interest, citing Rybarczyk v. TRW, Inc., 235 F.3d 975 (6th Cir. 2000). In Rybarczyk, the Sixth Circuit upheld a pre-judgment interest rate which was calculated using the actual interest rate realized by the defendant. The Sixth Circuit stated:

> We are aware of no decision approving a formula like the one used here, where the plaintiffs are to receive the higher of the § 1961 rate or the rate actually realized by TRW. But although this formula may be unusual, we are not persuaded that it represents an abuse of discretion. As we have already noted, the § 1961 rate has been upheld numerous times. If that rate should prove to be the higher one for the relevant period, TRW would presumably have no legitimate basis for objecting to it. If TRW's actual rate of return turns out to have been higher than the § 1961 rate, on the other hand, a requirement that TRW pay the actual rate merely deprives TRW of its profit on the wrongfully denied benefits. In neither instance would the effect be punitive, as it might have been had the district court chosen to use a state-law rate much higher than prevailing market rates of return. Cf. Ford, 154 F.3d at 617 (holding that Michigan's state law rate of 12 percent was punitive for purposes of ERISA because it was meant to compensate the winner for litigation expenses and was higher than the market rate of roughly nine percent).

Id. at 986.

In Clark, the Court awarded pre-judgment interest at the rate provided under 28 U.S.C. § 1961 which calls for a rate based on the average 52-week United States Treasury bill rate for the applicable period.

Andrews says that using the interest rate actually realized may be more equitable

6

than the rate under § 1961 because the T-Bill rate has been at historic lows due to the global economic crisis. This argument was not presented in <u>Clark</u>. The Court agrees with Andrews that the approach approved in <u>Rybarczyk</u> is appropriate. Andrews is entitled to pre-judgment interest at the interest rate under § 1961 or the internal rate actually realized by Prudential, whichever is greater.

III. Conclusion

For the reasons stated above, Andrews' motion for attorney fees, costs, and interest is GRANTED IN PART AND DENIED IN PART. However, a final judgment cannot yet be entered. The parties must first agree on the amount of Andrews' benefits for the 24 month period. Secondly, the pre-judgment interest rate must be determined. It is expected that the parties be able to answer both of these questions within the next ten (10) days.

After that, the parties shall submit a proposed final judgment which sets forth (1) the amount of benefits to be awarded, (2) $21,375.00 in attorney fees, (3) $217.50 in paralegal fees, (4) $470.17 in costs, and (5) pre-judgment interest at the rate consistent with this order.

SO ORDERED.


Dated: March 29, 2010         S/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 29, 2010, by electronic and/or ordinary mail.

                              S/Julie Owens
                              Case Manager, (313) 234-5160